IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KIMBERLY KEIGHTLEY,**                    3:12-CV-01387 RE

        Plaintiff,                    **OPINION AND ORDER**

    v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

        Defendant.

**REDDEN**, Judge:

    Plaintiff Kimberly Keightley ("Keightley") brings this action to obtain judicial review of

a final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her claim for Disability Insurance Benefits and Supplemental Security Income benefits.

For the reasons set forth below, the decision of the Commissioner is      and this matter is

dismissed.

1 - OPINION AND ORDER

## BACKGROUND

Born in 1973, Keightley is a high school graduate with some college education. Tr. 73.
She has worked as a preschool teacher, a caretaker, a medical assistant, and a childcare worker.
Tr. 57-59.   In April 2006, Keightley filed applications for disability insurance benefits and
supplemental security income benefits, alleging disability since September 1, 2002. Tr. 249-57.
Her applications were denied initially and upon reconsideration. After an August 2008 hearing,
an Administrative Law Judge ("ALJ") found her not disabled. Keightley's request for review
was granted, and a second hearing was held on March 14, 2011. At that hearing, Keightley
indicated she was seeking a closed period of disability from September 1, 2002, to January 31,
2008, and a second period of disability commencing July 1, 2010. Tr. 71. The ALJ found her
not disabled. Keightley's request for review was denied, making the ALJ's decision the final
decision of the Commissioner.

## ALJ's DECISION

The ALJ found Keightley had the medically determinable severe impairments of
fibromyalgia, degenerative disc disease, a history of MRSA, asthma, affective disorder, and
anxiety disorder. Tr. 16.

The ALJ found that Keightley's impairments did not meet or equal the requirements of a
listed impairment. *Id.*

The ALJ determined that Keightley retained the residual functional capacity ("RFC") to
perform a limited range of light work. Tr. 19-20.

The ALJ found that Keightley was not disabled and retained the ability to perform her
past relevant work as a care giver, a daycare worker, and doing data entry. Tr. 23.

2 - OPINION AND ORDER

The medical records accurately set out Keightley's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Keightley contends that the ALJ erred by: (1) finding her not fully credible; (2) improperly weighing medical evidence; (3) failing to credit lay testimony.

**I. Credibility**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir 1998). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis:  the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms."  [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9ᵗʰ Cir 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...."  *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08.  The *Cotton* test imposes only two requirements on the claimant:  (1)  she must produce objective medical evidence of an impairment or impairments; and (2)  she must show that the impairment or combination of impairments  *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Id.* at 1282.

The ALJ found Keightley's medically determinable impairments could reasonably be expected to cause her symptoms, but Keightley was not fully credible to the extent her symptoms are inconsistent with the RFC.  Tr. 21-23.

Keightley contends that she cannot work because she cannot get along with others, sometimes she cannot get out of bed, she cried at work, and she could not function in the workplace.  Tr. 81-86.  Keightley testified that sometimes she is afraid to leave her home, she does not like people, and she fears germs in public.

The ALJ properly noted Keightley made inconsistent statements regarding her history of substance abuse. .Tr. 17, 22.  *Thomas,* 278 F.3d at 959.  The ALJ found Keightley failed to follow her treatment regimen.  Tr. 22.  The ALJ noted numerous missed appointments, that Keightley failed to follow through with mental health counseling, and was only marginally

compliant with the recommendation she exercise regularly.  Tr. 22, 416, 420, 550, 658, 797.

Failure to follow a prescribed course of treatment is a valid reason to case doubt on the sincerity

of a claimant's subjective complaints of disabling symptoms.  *Fair v. Bowen,* 885 F.2d 597, 603

(9th Cir. 1989).  The ALJ properly noted that, in 2002, Keightley was enrolled in a nursing

program and earning a B average.  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).  The

ALJ properly noted Keightley's allegations are not supported by objective medical findings.  Tr.

21.  Her asthma was well-controlled with medications, her mental symptoms were often

minimal, and there were minimal abnormalities on imaging studies of her lumbar spine.    The

ALJ properly identified clear and convincing reasons to find Keightley less than fully credible

and that determination is supported by substantial evidence.

## II.  The Medical Evidence

Disability opinions are reserved for the Commissioner.  20 C.F.R. §§ 404.1527(e)(1);

416.927(e)(1).  If no conflict arises between medical source opinions, the ALJ generally must

accord greater weight to the opinion of a treating physician than that of an examining physician.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  In such circumstances the ALJ should also

give greater weight to the opinion of an examining physician over that of a reviewing physician.

*Id.*  But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate

reasons" for discrediting one opinion in favor of another.  *Id.* at 830.  The ALJ may reject

physician opinions that are "brief, conclusory, and inadequately supported by clinical findings."

*Bayliss,* 427 F.3d at 1216.

Keightley aruges that the ALJ erred by rejecting the opinion of Victoria McDuffee, which

she contends establishes that she is disabled.  Dr. McDuffee completed a psychological

5 - OPINION AND ORDER

evaluation for the Washington State Department of Social and Health Services in September 2010. Tr. 1203-13. Dr. McDuffee concluded that Keightley's mental health symptoms, including depression and poor judgment, would cause severe interference with work activities such as the ability to exercise judgment, make decisions, and tolerate the pressures and expectations of a normal work setting. Tr. 1205, 1208.

Dr. McDuffee noted rapid, hyperverbal speech, and that Keightley was "rocking through evaluation." Tr. 1212. Dr. McDuffee checked boxes indicating Keightley's mood was anxious, her affect tearful, and her insight and judgment poor. *Id.* Dr. McDuffee thought Keightley's abstract reasoning was moderately impaired and thinking process mildly impaired. Dr. McDuffee administered the Million Clinical Multiaxial Inventory-III, and noted Keightley "indicates she often self medicates these feelings with drugs and alcohol." Tr. 1211.

Dr. McDuffee relied upon Keightley's reports about her mood, her history of altercations, and her impulsive behaviors to conclude Keightley was severely impaired in the ability to exercise judgment and make decisions. Tr. 1208. An opinion "premised to a large extent" on the claimant's own accounts of her symptoms and limitations may be disregarded when those complaints have been properly discounted. *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 602 (9th Cir. 1999).

The ALJ gave Dr. McDuffee's opinion "[l]ittle weight" because "it appears to be based solely on the claimant's allegations. Furthermore, the conclusions are inconsistent with the overall medical record and the claimant's recent employment." Tr. 23. The ALJ properly noted that Dr. McDuffee's assessment was inconsistent with evidence that Keightley's mental health conditions were not severe, citing treating physician Gordon E. Banks, Ph.D., M.D., who noted

6 - OPINION AND ORDER

in November 2005 that Keightley's mood and affect were normal and attention span and concentration were good. Tr. 21, 661. The ALJ cited the December 2005 opinion of Holly Hoch, M.D., a psychiatrist, who found Keightley alert, fully oriented, with intact cognition, organized thought process, and a good range of affect. Tr. 21, 417. The ALJ noted the May 2006 opinion of treating physician Beata Anasz-Kopecka, M.D., who noted a depressed mood and affect, but stated Keightley was "doing better emotionally." Tr. 21, 533.

The ALJ properly cited the fact that Keightley worked, apparently full time, from at least August 2009 to July 2010. Tr. 23, 964, 267, 364, 364. Keightley provided child care for infants, toddlers, and preschoolers, which is inconsistent with Dr. McDuffee's opinion that Keightley was severely limited in her ability to maintain proper behavior in a work setting. Tr. 1208. The ALJ's interpretation of the evidence, and determination to accord Dr. McDuffee's opinion little weight was reasonable and supported by substantial evidence. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001)(citations omitted).

### III. Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d); 404.1545(a)(3); 416.945(a)(3); 416.913(d); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). However, inconsistency with the medical evidence may constitute a germane reason. *Lewis*, 236 F.3d at 512. The ALJ may also reject lay testimony predicated upon

7 - OPINION AND ORDER

the testimony of a claimant properly found not credible. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009).

### A. Cari Grabowski

Ms. Grabowski wrote a letter in August 2008 in which she states she is Keightley's employer, and that although Keightley was a full-time employee, she had never completed a full week of work. Tr. 357. Ms. Grabowski described accommodations made for Keightley's medical issues and appointments.

The ALJ noted Ms. Grabowski's letter, and properly found that it does not establish that Keightley is unable to work full time. Tr. 23.

### B. Tammy Story

Ms. Story is Keightley's aunt and room mate. In April 2006, she filled out a Third Party Function Report in which she asserts Keightley's daily activities consist of taking her boyfriend to work and daughter to school, after which Keightley usually goes back to bed until she picks her daughter up at 11:30 a.m., and then goes back to bed. Tr. 298. Ms. Story states Keightley is unable to stand for long, and too confused to handle money. Tr. 302. Ms. Story checked boxes indicating Keightley's conditions affect 19 out of 19 abilities, including standing, sitting, walking, talking, hearing, seeing, memory, understanding, using her hands, and getting along with others. Tr. 303.

The ALJ noted Ms. Story's statement, and found it suggested Keightley was able to do those tasks she wished to perform. Moreover "the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012).

8 - OPINION AND ORDER

## CONCLUSION

The Commissioner's decision that Keightley was not disabled, and is not entitled to benefits under the Social Security Act, is based upon the correct legal standards and supported by substantial evidence. The Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this ⧸⧸ day of November, 2013.

JAMES A. REDDEN
United States District Judge